UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
| ) | |
|     Plaintiff/Respondent,         ) | No. 7:15-CR-03-DCR-HAI |
| ) | |
| v.                                 ) | RECOMMENDED DISPOSITION |
| ) | |
| MARCELO SALINAS,                   ) | |
| ) | |
|     Defendant/Movant.              ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal prisoner Marcelo Salinas ("Salinas") has filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 55. The Court recognizes that Salinas is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than motions prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

In accordance with local practice, the matter was assigned to the undersigned for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. Under such review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). This can occur when the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (quoting *Arredondo v. United*

*States*, 178 F.3d 778, 782 (6th Cir. 1999)). Because the record conclusively shows he is entitled to no relief on his current claims, Salinas's motion must be dismissed.

### I. Background

On March 24, 2017, Salinas pleaded guilty to seven counts of distributing a mixture or substance containing cocaine and one count of possession with intent to distribute cocaine. D.E. 20, 22. In the plea agreement, Salinas admits he sold cocaine to a confidential informant or undercover officer on several occasions. D.E. 22 at 2-3. By the agreement, Salinas waived his right to appeal his guilty plea, conviction, and sentence (unless his sentence exceeded his Guidelines Range). *Id*. at 4. He also waived his right to collaterally attack his plea, conviction, and sentence, except for claims of ineffective assistance of counsel. *Id*. at 5. By Judgment entered August 7, 2017, Salinas was sentenced to 63 months of imprisonment (the top of his Guidelines Range), consecutive to any pending state sentences, followed by six years of supervised release. D.E. 29.

Salinas timely appealed. D.E. 30. The Court of Appeals appointed new counsel. D.E. 37, 38. On February 16, 2018, counsel filed an *Anders* brief in Sixth Circuit case number 17-5951.

On March 21, 2018, the Court received a letter (not signed or dated) from Salinas. D.E. 45. In the letter, Salinas asserts a defense of mistaken identity. *Id*. He states that his "friend" who is also "the Pike County [Spanish language] interpreter" had used Salinas's name when he was caught trafficking cocaine. *Id*. He claims that counsel is not helping him. *Id*. The letter was forwarded to the Sixth Circuit. D.E. 44. On May 3, 2018, Salinas filed a motion under § 2255. D.E. 48. That motion was denied without prejudice on the basis that his appeal was still pending. D.E. 51.

On May 15, 2018, the Court of Appeals granted appellate counsels' motion to withdraw and dismissed the appeal on the basis of the appeal waiver in Salinas's plea agreement. D.E. 52. The Court of Appeals summarized what occurred at Salinas's rearraignment and found that his plea was knowing and voluntary. *Id*. Concerning his letter, the appellate court noted that it raised the issue of effective assistance of counsel, and advised Salinas to pursue this claim through collateral review. *Id*. at 5.

On June 6, 2018, the Court received a second (unsigned and undated) letter from Salinas. D.E. 54. The person writing on Salinas's behalf states he "has a conflict with the interpreter in this case." *Id*. He states, "[Salinas] knows this man from interactions on the street," and the interpreter was "using an alias in his job" as a court interpreter. *Id*.

> He was actually using Mr. Salinas['s] name to sell narcotics. Mr. Salinas is sure he is actually the one who sold this cocaine pretending to be him. I know this sounds outlandish but Mr. Salinas is adamant to this story and says he can prove this if given the chance. . . . Mr. Salinas feels this man framed him.

*Id*. The letter requests a form application for § 2255 relief. *Id*.

On June 22, 2018, the Court received the form application for § 2255 relief now under consideration. D.E. 55. It is signed and dated June 20. *Id*. at 12. Ground One faults Salinas's attorney for allowing the Court to use a biased interpreter who knew Salinas:

> Defendant knew the interpreter used in this case from the street. Defendant and interpreter had knowledge of each other doing illegal activities and Defendant claims the actual buys made were not from him but actually could possibly be made from the interpreter claiming to be Defendant since he has used Defendant's name in the past.

*Id*. at 4. This allegation resembles Salinas's previous letters (D.E. 45 at 54), and the Court will consider the letters along with the motion.

Ground Two alleges that counsel allowed Salinas to accept the plea agreement "when clearly he didn't understand it completely." D.E. 55 at 5. Salinas argues, "During the

3

Defendant's plea hearing he repeatedly states he is innocent of these charges. When asked to confess in his own words he states he did not commit these crimes. At that point the plea should have been stopped." *Id*. Salinas then supplies a citation to the rearraignment transcript. *Id*. (citing D.E. 39 at 31-32).

Ground three faults counsel for allowing Salinas to accept a plea that attributes two kilograms of cocaine mixture to him. D.E. 55 at 6. He argues he "only could be attributed 223 grams," and did not understand when he pleaded guilty that he could be held liable for two kilograms. *Id*.

Salinas's § 2255 motion was accompanied by a signed letter that appears to function as a memorandum in support of the motion. D.E. 55-1. It essentially restates the factual allegations contained in the motion form and the previous two letters.

## II. Legal Standards

Under § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

Salinas's claims are packaged as claims of violations of his Sixth Amendment right to effective assistance of counsel. To successfully assert an ineffective-assistance-of-counsel ("IAC") claim, a defendant must prove both deficient performance and prejudice. *Strickland v.*

4

*Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To prove deficient performance, a defendant must show "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Strickland*, 466 U.S. at 688. But "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotations omitted).

In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must consider the "totality of the evidence." *Strickland*, 466 U.S. at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697. To demonstrate prejudice in the plea agreement context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To show prejudice in the sentencing context, a movant must establish that his "sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

### III. Analysis

The Court notes at the outset that the validity of Salinas's plea has already been decided upon appeal; he may not relitigate the issue before this Court. Absent an exceptional circumstance, such as an intervening change in the law, petitioners may not use a § 2255 motion to relitigate an issue that was raised on appeal. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Here, Salinas alleges no such exceptional circumstance. Because Salinas's guilty plea has already been found valid (D.E. 52), any claim that contradicts the contents of his valid guilty plea must fail.

Grounds One and Two argue that counsel was ineffective because Salinas was innocent of the cocaine distribution charges. D.E. 55 at 4-5. There can be no prejudice here unless Salinas was, as he claims, framed for the crimes by the court interpreter. *Id.*; *see also* D.E. 45, 54, 55-1. However, in his plea agreement, which the Court of Appeals has upheld as valid, Salinas admits guilt to eight counts of intentionally distributing cocaine and acknowledges the truth of eight paragraphs describing separate drug deals and a search of his residence. D.E. 22 at 1-3.

Salinas further admitted these facts under oath at his rearraignment hearing. D.E. 39 at 32-34. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). On this record, it is wholly incredible that Salinas would participate throughout the entire plea colloquy without finding some way to tell the Court that he was being framed by the Court interpreter. At the end of the hearing, District Judge Reeves asked Salinas if he had any questions about what had been covered. D.E. 39 at 36. He replied, "No. Everything

6

is fine. I just don't want to be in jail for too long. I have my family in Mexico." *Id*. at 36-37. Such a response would not be made by a person who had just been framed for very serious crimes. In light of Salinas's sworn statement at his rearraignment and his valid guilty plea, his protestation of actual innocence is contradicted by the record and wholly incredible. He therefore cannot prove prejudice under *Strickland*. Ground One and Two One must be dismissed.

Salinas argues that he told the Court at his rearraignment that he was innocent. D.E. 55 at 5; D.E. 55-1. During the rearraignment hearing, Judge Reeves briefly summarized the eight charges, and then invited Salinas to "tell me in your own words what it was that you did to be guilty of these eight charges." D.E. 39 at 31. Salinas responded, "Nothing." *Id*. at 32. The transcript memorializes that Salinas then had a discussion with his attorney. After that, Salinas, through the interpreter, again stated, "Nothing. Nothing to do with the cocaine, no." *Id*. The Court then directed Salinas to the factual summaries in paragraph three. *Id*. at 32-33. Salinas admitted that the factual summaries were true and correct, that the government could prove the charges beyond a reasonable doubt, and that he was "in fact, guilty for what has been charged in each count." *Id*. at 32-34. In other words, Salinas decisively retracted, under oath, his initial protestation of innocence. He cannot at this point credibly re-raise that initial protest.

To the extent that Salinas also argues in Ground Two that counsel was ineffective because Salinas did not understand the plea, this is also contradicted by his sworn statements on the record. D.E. 55 at 5. Judge Reeves invited Salinas to "stop me and tell me" if he failed to understand one of his questions. D.E. 39 at 4. Salinas affirmed that he understood the terms and conditions of the plea agreement and the rights he was surrendering. *Id*. at 11, 17, 30. The plea agreement also concludes with an acknowledgement that Defendant understands the agreement

7

and has had it "fully explained" to him. D.E. 22 at 7. Additionally, Salinas's lawyer told the Court he had no problems communicating with Salinas: "I've used an interpreter through a speakerphone to make sure that he didn't have any questions of me and that I understood clearly what he said, and we have not had any difficulty, especially when I had the interpreter." D.E. 39 at 7. And, of course, the Court of Appeals affirmed that Salinas's plea was knowing and voluntary. D.E. 52. The record therefore contradicts any claim by Salinas that he did not understand the plea process. *See* D.E. 55 at 5.

Ground Three argues that Salinas was only responsible for 223 grams of cocaine mixture, not the two kilograms attributed to him, and that counsel was ineffective for permitting this miscalculation. In the plea agreement, Salinas explicitly admits to distributing 587.112 grams of cocaine, and an additional 17.887 grams was found during a search of his residence. D.E. 22 at 2-3; *see also* D.E. 31 at 4.

According to his PSR, Salinas also told an undercover detective during a May 19, 2014 controlled transaction that he had "two blocks," interpreted as two kilograms, of cocaine remaining in his supply. D.E. 31 at 5. The probation office subtracted the amounts of two subsequent transactions to arrive at a figure of 1,776.656 grams of cocaine that were unaccounted for in the plea agreement. *Id*. at 5-6.

Salinas objected to this calculation. D.E. 31 at 19. His counsel filed a sentencing memorandum arguing against including the two kilograms Salinas claimed to have possessed. D.E. 24. At sentencing, his counsel vigorously argued that Salinas was "bolstering" when he made the statement, and that he was not reasonably capable of obtaining two kilograms of cocaine. D.E. 40 at 17-18. The Court overruled this objection. *Id*. at 22. Judge Reeves noted that Salinas also stated at a previous occasion that someone owed him "$70,000 for a quantity of

8

fronted cocaine." *Id*. at 20. Considering the "typical cost of cocaine in this area during the time period," the Court found, "that would exceed two kilograms." *Id*. at 21. The Court found that Salinas was not "simply puffing." *Id*.

In light of this record, counsel could not be found ineffective for failing to challenge the drug weight. Contrary to what Salinas claims in his § 2255 motion (D.E. 55 at 6), counsel did object to the attribution of the disputed two kilograms and argued to the Court as to why they should not be counted. Thus, Salinas's claim of deficient performance is directly contradicted by the record. And, Salinas cannot show prejudice because the Court considered the objection and rejected it. There being no basis for an IAC claims based on drug quantity, Count Three must be dismissed.

### IV.  Conclusion

"[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4. The undersigned therefore **RECOMMENDS** that Salinas's § 2255 motion be **DISMISSED** upon initial review.

This case does not warrant an evidentiary hearing. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007). "It follows that

9

if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. In this case, the record solidly refutes Salinas's factual allegations. The record therefore "conclusively show[s]" he is entitled to no relief. *Arredondo*, 178 F.3d at 782.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2255 proceedings. This standard is met if the defendant can show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Court has considered the issuance of a Certificate of Appealability as to each of Salinas's IAC claims. No reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

Any objection to, or argument against, dismissal must be asserted before the District Judge in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court

and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 6th day of July, 2018.

Signed By:
Hanly A. Ingram
United States Magistrate Judge