UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 7: 15-003-DCR |
| Plaintiff, ) | and |
| ) | Civil Action No. 7: 18-069-DCR |
| V. ) | |
| ) | |
| MARCELO SALINAS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Marcelo Salinas pleaded guilty in March 2016 to seven counts of distributing a mixture or substance containing cocaine and one count of possession with intent to distribute cocaine. [Record No. 20, 22] He was later sentenced to a term of imprisonment of 63 months, followed by a six-year term of supervised release. [Record No. 29] Salinas filed a direct appeal which the United States Court of Appeals for the Sixth Circuit dismissed based on the appellate waiver contained in his plea agreement. [Record No. 52] The matter is now pending for consideration of Salinas' *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 55]

Salinas § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). After review, United States Magistrate Judge Hanly A. Ingram recommended that Salinas' § 2255 motion be denied. [Record No. 57] Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which timely objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a

magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, a party who fails to file timely objections to a magistrate's recommendation generally waives his right to appeal. *Id*. at 153-54. Neither party has filed objections to the Magistrate Judge's recommendation. Despite Salinas' failure to file objections to the Magistrate Judge's recommendation, the Court has reviewed *de novo* Salinas' arguments and agrees with the Magistrate Judge's Recommended Disposition.

**I.**

Salinas claims that his trial attorney, Billy Slone, provided constitutionally ineffective assistance. To establish ineffective assistance of counsel, Salinas must show that his counsel's performance falls below an objective standard of reasonableness and that he is prejudiced by counsel's performance. *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

Salinas first argues that Slone allowed the Court to use an allegedly-biased interpreter who knew Salinas. He alleges that the interpreter made the actual illegal drug transactions while claiming to be Salinas. However, Salinas's claims that the interpreter framed him are not supported by the record. Pursuant to his plea agreement, Salinas admitted that on seven different occasions he sold varying amounts of cocaine to an undercover law enforcement officer. [Record No. 22, ¶ 3(a)-(c), (e)-(h)] He also admitted that, after giving consent to search a residence, law enforcement located approximately 19 grams of suspected cocaine and 12 pounds of marijuana. [*Id*. at ¶ 3(d)]. Simply stated, Salinas has failed to allege that he was

prejudiced by counsel's alleged ineffective assistance in allowing the use of a certain interpreter.

Salinas also contends that his attorney provided ineffective assistance by allowing him to accept a guilty plea which "clearly he didn't understand completely." [Record No. 55, p. 5] The defendant's claims that he did not knowingly enter a guilty plea are without merit. The Court thoroughly followed the requirements of Rule 11 during the defendant's plea hearing, ensuring that his guilty plea was knowingly and voluntary. [*See* Record No. 39] Salinas affirmed that he understood the terms and conditions of his plea agreement and the rights he was giving up by entering a plea of guilty. [*Id*. at pp. 11, 17, 29-30] Further, the Court of Appeals found that the transcript of the rearrangement hearing demonstrates that Salinas was aware of all consequences of his plea. [Record No. 52, p. 4]

Salinas argues that "he repeatedly states he is innocent of these charges" during the rearraigning hearing, but the transcript tells a different story. During the rearrangement hearing, in response to the Court asking the defendant to state in his own words what it was that he did to be guilty of the eight charges, Salinas responds "nothing" and "nothing to do with cocaine, no." [Record No 39, pp. 31-32] However, the Court then directed the defendant to the factual summary contained in his plea agreement, and Salinas agreed and admitted to those facts. [*Id*. at p. 33] Additionally, he admitted that it was his belief that if the case were to proceed to trial, the government could prove the elements of the crimes charges beyond a reasonable doubt. [*Id*. at p. 34] Salinas then acknowledged that it was his intention to enter a plea of guilty because he was, in fact, guilty of what was charged in each count. [*Id*. at pp. 34-35] At the conclusion of the hearing, the Court asked Salinas if he had any questions about any of the matters covered. In response, Salinas stated, "No. Everything is fine. I just don't

want to be in jail for too long. I have my family in Mexico." [*Id*. at p. 36-37] Salinas responses to the Court questions contradict any claim that his counsel was ineffective by allowing him to accept a guilty plea that he did not understand. The record is clear that Salinas understood the process and the consequences of his plea.

Finally, Salinas argues that his attorney provided ineffective assistance of counsel because two kilograms of cocaine was attributed to him. [Record No. 55, p. 6] He contends that he was only responsible for 223 grams of cocaine. [*Id*.] First, it should be noted that Salinas admitted to distributing 587.112 grams of cocaine, and an additional 17.887 grams was located during a search of his residence. [Record No. 22, ¶ 3] Additionally, as noted in his Presentence Report, Salinas informed undercover officers at the May 19, 2014, drug transaction that he had "two blocks" (i.e., two kilograms), of cocaine remaining in his supply. [Record No. 31, pp. 4-5] Based on this admission, the probation office subtracted the amount of the two subsequent drug transactions to arrive at a figure of 1,776.656 grams of cocaine that was unaccounted for in the plea agreement. [*Id*. at p. 6] Even though Salinas argues his counsel provided ineffective assistance by allowing the larger amount attributed to him, the record is clear that his counsel objected to the inclusion of the 1,776.656 grams of cocaine not referenced in the plea agreement. [*Id*. at p. 19] Counsel continued to object to this inclusion during the sentencing hearing, and cross-examined the government's witness TFO Adkins. [*See* Record No. 10-14.] Slone argued that Salinas was not reasonably capable of having that amount of cocaine in his possession. [*Id*. at p. 18] However, the Court overruled the defendant's objection, finding the inclusion of the 1.7 kilograms of cocaine to be properly attributed to Salinas. [*Id*. at pp. 21-22]

In summary, the record is clear that counsel objected to and argued against the inclusion of the 1.7 kilograms of cocaine not referenced in the plea agreement. Counsel did not fail to challenge the drug quantity as Salinas alleges in his § 2255. Thus, Salinas' claim of ineffective assistance is directly contradicted by the record and is without merit.

## II.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Salinas has not made a substantial showing that he was denied his constitutional rights. Reasonable jurists would not debate the denial of Salinas' § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *Id.* A Certificate of Appealability will not be issued.

Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 57] is **ADOPTED** and **INCORPORATED** here by reference.

2. Salinas' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 55] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability is **DENIED**.

This 26th day of July, 2018.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge